Douglas Luckerman v. Narragansett Indian Tribe. Mr. Kilroy. Good morning, your honors. May it please the court that I represent the defendant, Appellate Narragansett Indian Tribe. Your honor, I'd like to reserve two minutes for rebuttal, if I may, please. Yes, you may. The court has, this past April 29th, I believe it was, requested the parties to address two cases previously decided by this court. Let me preference my comments on that with regards to, they are both pre Bowles v. Russell, 551 U.S. Supreme Court at 205 in 2007. Bowles v. Russell basically makes a distinction between what the court has found to be claims processing rules and those rules that have been jurisdictional. Claims processing rules provide the court with discretion in hearing certain matters while jurisdictional rules prohibit such. We had previously briefed and considered the two matters, one was a show cause order earlier and one was a motion for summary disposition filed by the appellate. We addressed some of those matters previously with the court. What I would like to say is that both of these cases, in particular let's start with Morris v. Uman, the majority of circuits subsequent to 2005 have found that the court has found that Rule 59 and similar rules are claim processing rules and not jurisdictional in nature. I believe that's an undecided issue before this court and certainly something we would like the court to consider. Additionally, this court has found in two other recent cases, similarly one in Alpha v. COPEC, I believe it is, at 708 Fed Third, 33, and Urim v. Truck at, well, 2014 case, Your Honor, cited in Lexis. Both of those cases had to do with one being a bond issue, whether or not that was jurisdictional, and the other being a removal question, whether or not that was jurisdictional. And this court found that neither one of those cases was jurisdictional in nature. I would remind the court also that in its decision in Abar v. Christie that the district court maintains broad discretion in deciding whether or not it shall hear a motion for reconsideration. Counsel, you know, in simple English there are two questions. One is whether an appeal can be taken from a denial of a motion for reconsideration, whether that fits into the Cohen Doctrine. The other question is that the motion for reconsideration was itself laid in the district court. So the argument would be either we don't have interlocutory jurisdiction or it doesn't matter whether we do or not because the motion for reinstatement was itself laid and the district court didn't have any authority to grant it. So in light of that plain English, what's your response on the two issues? My response, again, Your Honor, on the Rule 59 is balls and that it would be a claims processing rule. And my response with regards to  the motion for reconsideration. Okay, and then why do we have interlocutory jurisdiction? Your Honor, the Fishel v. Methuen court basically stated that the court doesn't have grounds for reconsidering a denial of a qualified immunity decision as a collateral order. Now, that court rests its premise on the fact that the court looks at Dumagin v. Fair, and if the court looks at Dumagin v. Fair, which is at 859 Fed Second 1059, it offers no explanation or reasoning for that holding. Additionally, Your Honor, in Dugan, there were, I believe, three issues on appeal, one of them being a collateral order issue of qualified immunity, which the court in Dugan did decide and hear. I would submit, Your Honor, that... So, are you saying you could bring up the sovereign immunity issue any time of your choosing? Is there any limitation on when you could seek interlocutory review? You could file a 12b1 motion, lose it, and appeal then, and we'd probably say, good, you can do that. But you could wait, you could file, particularly as you're saying, without any time deadlines, a 59e, a 60b, at any time. Could you just pick your shot? Your Honor, I wouldn't want to characterize it as picking your shot, but there is... Well, what limitations, then, are there on when you could seek interlocutory review? Certainly, on a qualified immunity or a sovereign immunity issue, it comes up before the court on collateral orders. And if you look at Fishel itself, the court there... But you passed that. In other words, we were not on that. We're reviewing the Rule 59 denial. I mean, that... You obviously have an interlocutory option. You forewent that option the normal way, because you're past the time limit. So, the way this now comes up is under Rule 59. I understand you say it's a claim processing rule, so we excuse, on this theory, the untimeliness of the Rule 59 motion. But if this is true, and you filed your Rule 59 motion even later than you did, and a district court excused it, then you'd still be able to get interlocutory review, no matter how late it is? In the way that the court phrases that question, the answer would be yes. However... Oh, go ahead. Subject matter jurisdiction can come before this court at any time. Sovereign immunity can come before the court at any time. Well, can I just... Before you put it that way? So, the district court can rule on it at any time. But whether you can appeal it at any time is a different question. And the question is, when can you appeal it? You certainly can have it adjudicated at the end of trial. In fact, it has to be. But why would it make sense to think that it can be brought up as an interlocutory appeal at any time, without regard to the time limits of 1291, or how timely the... You know, I think it's a matter of both judicial discretion and judicial economy. If you look at Fisher, or Fischel, I apologize, the court is very critical of the time frame involved there. And I can understand that. It came up, I believe, some 19 months later, before a different justice. And thereon, the court relies on, as I mentioned earlier, Duggan. But Fischel also says that, exactly what the court says here, a party can move later on for summary judgment, raise the issue anew of sovereign immunity, and bring back to, or revitalize, the appeal of that denial of sovereign immunity. That doesn't comport with judicial economy. Let me ask the other version of this. On your theory of Rule 59 being a claims processing rule, could a district court abuse its discretion by granting a late Rule 59 motion? Certainly. Okay, so doesn't that make it very problematic for us to review, as an interlocutory matter, this question? Because in order to address the question, we're going to have to address whether the district court exercises discretion appropriately in addressing the late Rule 59 motion, which already makes it a different question than a straight subject matter jurisdiction issue. May I answer that, Your Honor? Yeah. The court has broad discretion to consider, or not to consider, the Rule 59 motion. In this instance, the issue was totally briefed, wholly briefed, perhaps a better term, by both parties, and a full decision on that, with regards to the evidence that was presented in this case, and in the facts of this case, was decided by the court. The court once again came down that the tribe had waived its immunity under these particular contracts. You've reserved two minutes, I believe. Thank you, Your Honor. Good morning, Your Honor. Anthony Murey for the appellee. Albert Ferrer is with me today. I wonder if I could begin with the two questions the court put last week. As the court knows, and as Mr. Killoy has just indicated, we took a position on that question earlier in the case. I wish I could say that I have absolute confidence in the position we took. I don't. Why did you do that? Well, because at the time we thought it was correct, Your Honor. It does appear that there's reason to question that view. Morris seems to establish a quite clear rule about late filing of motions for reconsideration, making them a nullity. Once they are a nullity, it really doesn't matter. Forfeiture and waiver seem to be out of the question. The motion is a nullity. It cannot be granted by the district court, and it cannot be determined by this court to be an abuse of discretion. So, I stand here essentially revising the view that I took on the dispositive motion on the Morris question. With respect to Fisichelli, Your Honor, I can't ask you this about that. Is that because, does that depend on Rule 59 being jurisdictional? That was for you not to have waived on the Rule 59. Is that because you take the time on the Rule 59 to be jurisdictional? No, it's because our position is it doesn't matter. But I guess I'm trying to say, why would that be? In other words, if Morris says it's a nullity if it's late, okay, fine. But does that mean you can't waive an objection? Well, why would that be? Is that because it's jurisdictional? No, because the motion to reconsider simply has no legal effect whatsoever. Because it would have been an abuse of discretion to have allowed the motion to reconsider on the timing question? That's correct. And that's not waivable? You can't waive an abuse of discretion challenge to a Rule 59 grant? No, I don't think so, Your Honor. I think that the, it is as though the motion for reconsideration was never filed. Well, that's what you could have argued. That's what we initially did argue, I suppose. And in the supplemental memo, in hindsight, we seem to have gone off the rails. I think it's a nullity, and that's the end of the discussion. You're saying there's this third category, there's this category of nullity that can't be waived? That's correct, yes. You don't have any case in which we've said something like that about anything? I have something that I haven't. I'll tell you what, we'll give each of you one week to file any supplemental authority with us on both of the questions. May I ask, in the meantime, are the tribal court proceedings going on? They have been stayed, Your Honor. They were gone, and they were stayed by motion of the tribe. By motion of the tribe. Of the tribe, yes. The tribe made a motion to stay. It was granted without hearing or opportunity to respond. So everybody's waiting to see what everyone else is doing. Exactly, yes. Okay. Proceed with your argument. With respect to the physicality and the question of finality, I think that we can step back here and try to look at this. I mean, the cases in this circuit are fairly clear that motions for reconsideration are not collateral orders or appealable. It seems to be fairly well established. There are some exceptions and possible exceptions enumerated, I think, most recently in Judge Lynch's footnote in the Marie case, footnote four, I believe it was, that those don't seem to be applicable here. If we step back and simply try to look at the question of reconsideration in light of the basic factors normally applied in deciding whether or not an order is a collateral order and appealable, it seems to me that the tribe has problems in two areas in terms of an appealable order. The first is that the right must be incapable of vindication on appeal from final judgment. It seems to us that there are some routes that this case could take following a determination by the tribal court that would bring it back to the federal court and back to this court presumably, possibly for appeal. So there is a route available for appeal there. Does that include the denial of a summary judgment motion? Yes, it would. I think it would, Your Honor. And the other rubric of the standard that it seems to me gives the tribe some difficulty here is that there must be an important and unsettled question of controlling law. It is hard for me to find such a question in this case. On the merits of the case, it seems to me that the district judge made a perfectly sensible decision with respect to sovereign immunity. That decision did not call into question any fundamental or undecided or uncertain questions relating to sovereign immunity. That argument would be no good for you if they had just timely appealed from the denial of the 12A1 motion. We would have had interlocutory jurisdiction, wouldn't we? Well, I suppose if the court were to outrightly apply the rule that, of course, we don't have that rule yet in the First Circuit, as I understand it. But if we were to treat it as a sovereign immunity case in which there is always a collateral appeal, then yes, that would be the end of it. But what I've tried to suggest here is that putting those rules aside for just a moment, because this case is different from what we've seen, and looking at the standards, it seems to me there are problems at least in two of the four requirements for a collateral appeal for the tribe in persuading this court that there is a collateral appeal. So there is first the rule, which seems to be well established, motions for consideration are not qualified for collateral appeal. And then stepping back from that, look at the basic factors, it would appear that the tribe doesn't satisfy at least two of them. So I'm reacting here only to the question of collateral order. Just so I guess that the second argument you're giving, though, would be an argument not to allow even a timely interlocutory order of the sovereign immunity judgment. What I'm saying, Your Honor, is that I don't think we get to the analysis I've just made. Because it's motion reconsidered. So on that second point, we would have to decide, in order to conclude, to decide this on Rule 59 grounds your way, we would be deciding as an interlocutory matter, the question of whether the abuse of discretion is waivable. That's correct. Why would that be an interlocutory matter? I mean, this is not something you should have any reason to disagree with. But I assume that would be a pretty good argument. That's not itself an interlocutory matter. That's correct. So that would seem like a fairly strong reason to say that there is no reason to take this Rule 59 issue as an interlocutory matter. That's correct, Your Honor. Even if, in general, there might be some cases in which, on an interlocutory matter, there might be a reason to take an untimely 59. Here, if I understand it, we're going to have to adjudicate the status of an untimely Rule 59 motion and the discretion in the face of a claim of waiver or something like that, which seems to me an odd issue to come up in the middle of a trial. What I'm saying, Your Honor, perhaps I'm not making myself clear, it seems to me that the Court has two options suggested by the Court's questions. I think you're about to say it doesn't matter whether the Rule 59 is jurisdictional or just a claims rule. The rationale for not taking appellate jurisdiction would be the same in both instances? Is that correct? That's correct, Your Honor. Okay. Anything further? No. Thank you. Thank you. Mr. Kilroy, your two minutes. Thank you, Your Honor. Your Honor, just going back once more to apparently where we are, and that is can the District Court decide an untimely Rule 59 motion? Bowles, I think, is clear on that. Why does that matter to the question of whether we have interlocutory jurisdiction? Interlocutory jurisdiction of an immunity question under official? No, over the question you just were addressing, whether the Court properly exercised its discretion or did not under Rule 59E. How can we review that on an interlocutory basis? I think that's the question. I think the answer to that, once again, is you're talking about a claims processing versus a jurisdictional decision. Well, that goes to whether we hold you accountable for the time or not. Correct. Let's assume we don't hold you accountable. How can we even decide that? I believe we move to the official question. But why should we be deciding that issue on an interlocutory appeal? I understand the argument for why we might want to decide sovereign immunity on an interlocutory appeal, but why would we, as an interlocutory matter, be deciding whether Bowles did or did not establish a claims processing rule? Normally, you'd just take that at the end. I think, as I mentioned earlier, for the sake of economy, judicial economy, appreciating the discretion that the District Court has, giving an opportunity to correct any errors that it might have made in its own right before an appeal in the time of appeal moves forward, and the cost and burdens to the party in moving through discovery and so forth and down the road finding out that, yes, indeed, there was an immunity issue here, and, yes, indeed, the case should have been terminated earlier, regardless of the timing of that. May I make a slight suggestion to the parties that the amount of money spent on this appeal and you're now in the First Circuit, there's a very thorny question of appellate jurisdiction, is not being used to try to resolve the matter, and it may be better if the parties think in more practical terms about resolving the underlying dispute. That's simply my view. Your Honor, if I may, I know that's not a question, but we have worked on that. I'm glad to hear it. Keep working, please. Thank you.